Finally, plaintiff challenges *section* 29 of the act which precludes enforcement of any secondary mortgage loan unless made and negotiated in full compliance with the act. Plaintiff's challenge is that this provision is not only vague but clearly impairs the obligation of contracts made under it, and is therefore a deprivation of property without due process, a taking without just compensation. Suffice to say that this court does not feel that the issue is properly before it at this time. The act is challenged as a result of certain administrative proceedings taken against plaintiff. It is by reason of these proceedings that plaintiff is given standing to challenge it. The Commission does not in any way attempt to deal with the enforceability of obligations arising out of loans made by plaintiff. There is therefore no justiciable issue between plaintiff *and the defendant Commissioner* concerning the enforceability of loans given under this act.

W., PLAINTIFF, v. H., DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided September 18, 1968.

*Mrs. Martha C. Belle* of the Essex County legal service center for plaintiff.

CONSODINE, J. C. C. (temporarily assigned). Plaintiff proves a complaint for divorce on the ground of extreme cruelty and seeks as further relief permission to resume her maiden name and to change the surname of the children to that name in their best interest. There are three children of the marriage, two of whom are unemancipated teenagers.

Generally, it is against the policy of the court to grant permission to resume a maiden name where unemancipated children who bear a different name are involved. The facts of this case clearly call for an exception.

In this case defendant pleaded guilty to sexual intercourse with his 11-year-old daughter and was sentenced to eight

to ten years' imprisonment. Previously he had impregnated his oldest daughter, with the result that a child was born of this relationship.

Query—can this court under its general equity jurisdiction and in the best interest of the children direct a change of surname to the mother's maiden name?

Our authority is sparse and tangential but relevant.

In *Sobel v. Sobel,* 46 *N. J. Super.* 284, 286, 287 (*Ch. Div.* 1957), the Court observed that in dealing with the custody of a child it had broad discretion, being aware that the welfare and happiness of the child is the controlling consideration and that only extenuating circumstances warrant the forfeiture of a father's right to have his progeny bear his name.

The circumstances of this case negate that right. The actions of the defendant have caused physical, psychological and emotional detriment to the children. They are pariahs among their peers and thus forced to a nomadic existence.

Judgment of divorce on the ground of extreme cruelty, reserving to plaintiff the right to resume her maiden name and directing the use of that name by the unemancipated children in their best interest.